**PerkinsCoie**

1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

T. +1.212.262.6900
F. +1.212.977.1649
PerkinsCoie.com

September 14, 2020

Dennis C. Hopkins
DHopkins@perkinscoie.com
D. +1.212.262.6916
F. +1.212.977.1646

**VIA ECF AND EMAIL**

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:    *Guglielmo v. ECS Tuning, LLC*, Case No. 1:20-cv-05368-ALC

Dear Judge Carter:

     This firm represents the Defendant in the above-captioned matter. The parties have reached a settlement and jointly request that the Court approve the attached Consent Decree (attached as Ex. A).

     Plaintiff's complaint alleges that Defendant's website is a place of public accommodation and is not accessible to him or other visually-impaired individuals in violation of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law. Defendant denies any liability, but has agreed to settle with Plaintiff to avoid the cost of litigation. The parties request that the Court approve and so-order the Consent Decree.

     "Before entering a consent judgment, the district court must be certain that the decree 1) 'spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction,' 2) 'come[s] within the general scope of the case made by the pleadings,' and 3) 'further[s] the objectives of the law upon which the complaint was based.'" *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (citing *Local Number 93, International Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986))."

     Here, Plaintiff alleges in the complaint that he is visually-impaired and that Defendant's website was not accessible to him. In the Consent Decree, Defendant agrees to use reasonable efforts to modify the website to conform with the Web Content Accessibility Guidelines. Therefore, the Consent decree serves to resolve the dispute and is within the scope of the pleadings (criteria 1 and 2 above). *See Crosson v. PopSockets*

Honorable Andrew L. Carter, Jr.
September 14, 2020
Page 2

*LLC*, No. 19 CV 0200 (CBA)(LB), 2019 WL 6134416, * 2 (E.D.N.Y. Oct. 8, 2019), report and recommendation adopted, 2019 WL 6134153 (E.D.N.Y. Nov. 19, 2019) (approving materially identical consent decree). Additionally, the Consent Decree furthers the objectives of the law upon which the complaint was based (criteria 3 above). The complaint was based on Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations." *Id*. (citations omitted). Because the Consent Decree requires Defendant to use reasonable efforts to modify the website pursuant to the Web Content Accessibility Guidelines, it furthers the purpose of the ADA "by striving to provide vision-impaired persons access to make purchases and learn about products and services on the Website." *Id.*

As noted in *Crosson v. PopSockets*, "materially identical consent decrees have been approved in several ADA website cases, including by this Court. *Id*. (citing *Fischler v. Monica & Andy, Inc*., No. 19 CV 1405 (WFK)(JO) (E.D.N.Y. 2019), *Fischler v. Greystar Worldwide LLC*, No. 18 CV 4049 (VMS) (E.D.N.Y. 2018); *Crosson v. Simple Fin. Tech. Corp*., No. 19 CV 2350 (DLI)(PK) (E.D.N.Y. 2019); *Figueroa v. Arhaus, LLC*, No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20, 2019)).

Accordingly, the parties respectfully request that the Court approve the Consent Decree and so-order the Consent Order.

Respectfully,

*/s/ Dennis Hopkins*
Dennis Hopkins

DH

cc:   David Paul Force, Counsel for Plaintiff Guglielmo - via ECF

Perkins Coie LLP